NUMBER 13-06-405-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 
 

JOE GUADALUPE BALLESTEROS Appellant,


v.
 


NUECES COUNTY, TEXAS, Appellee.

 




On appeal from the 347th District Court of Nueces County, Texas.


 




CONCURRING MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Concurring Memorandum Opinion by Justice Benavides



 I join the majority opinion in full because I believe that it faithfully and correctly
applies the plain language of section 89.0041 of the local government code. Tex. Loc.
Gov't Code Ann. § 89.0041 (Vernon Supp. 2006). I write separately, however, to observe
that section 89.0041 is--to echo a memorable phrase from Justice Potter Stewart--"an
uncommonly silly law." See Griswold v. Connecticut, 381 U.S. 479, 527 (1965) (Stewart,
J., dissenting). By applying this law, which lacks an actual notice exception, our Court
dismisses the claim of a plaintiff who did not provide additional notice after he had already
provided proper service. Moreover, the defendant in this case assuredly had actual notice
because it had been entangled in the same lawsuit in federal court for over a year. In
essence, we are forced to dismiss Mr. Ballesteros's claim because he did not provide
notice after he had provided notice. Silly, indeed.

 First-year law students are taught that "[a]n elementary and fundamental
requirement of due process in any proceeding which is to be accorded finality is notice
reasonably calculated, under all the circumstances, to apprise interested parties of the
pendency of the action and afford them an opportunity to present their objections." 
Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (U.S. 1950) (emphasis
added). It appears that section 89.0041 was drafted in an effort to bring Texas law closer
in conformity with this standard by clarifying the notice rules for lawsuits against counties. 
This effort was well-intentioned, but the result was not so well-drafted.

 The statute does not, unfortunately, address the procedure for situations, such as
Mr. Ballesteros's, in which a county already has actual notice of a lawsuit because it has
contested the suit in federal court. When a county has (1) contributed to sixty docket
entries in a case in federal court, then (2) attended a hearing in that court, then (3)
expressed that it understood the court's decision to dismiss a claim so that it could be tried
in state court, and then (4) agreed on the record with the plaintiff that no further claims
would be filed nor any further discovery conducted beyond the scope of the remaining state
claim, that county cannot truthfully argue that it did not have notice of a pending action or
an opportunity to present its objections. See id. Other Texas statutes recognize these
situations by including actual notice exceptions, and section 89.0041 should do the same. 
See, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 101.101(c) (Vernon Supp. 2006) .

 As an added absurdity of section 89.0041, consider the following scenario. A
plaintiff could first file a suit and obtain personal service on the same day to the County
Judge. Twenty-seven days later, the plaintiff could be awarded a default judgment
because the defendant failed to file an answer. See Tex. R. Civ. P. 99(c) (requiring an
answer from defendant to be filed by "the Monday next following the expiration of twenty
days after [service]" before default judgment may be entered). But then, less than a week
later, even if the plaintiff had subsequently provided notice to the County Judge within thirty
days, his suit could be dismissed--merely because he did not send post-service notice via
certified or registered mail. Tex. Loc. Gov't Code Ann. § 89.0041 ("written notice must be
delivered by certified or registered mail by the 30th business day after suit is filed"). This
very idea of "post-service notice"--or notice upon notice--strikes me as absurd. 

 Although every court that has looked at this case has felt compelled to strictly apply
the plain language of section 89.0041, they have also expressed bewilderment with the
statute's peculiarities. The majority, for instance, points out that, "in this case, the equities
favor Ballesteros because both sides had been previously engaged in litigation in this very
matter," but the statute is "harsh and seemingly a trap for the unwary." See Majority
opinion, Part III, subpart B. Furthermore, the reporter's record from the hearing on the
motion to dismiss demonstrates that the trial court was dumbfounded to hear the County
advance the argument that it had not received notice for a suit it had already responded
to in federal court: "I can't even believe you all [the County] are going there really, in this
case that's already been through a legal proceeding and processed at federal court. It is
silly. But that is the statute."

 Justice Stewart's famous phrase about "uncommonly silly laws" was also cited by
Justice Clarence Thomas in Lawrence v. Texas, 539 U.S. 558, 605 (2003) (Thomas, J.
dissenting). There, Justice Thomas criticized a Texas statute by quoting Justice Stewart
and then added, "If I were a member of the Texas legislature, I would vote to repeal [this
law]." Id. That language is applicable in this case too. If I were a member of the Texas
Legislature, I would vote to repeal section 89.0041--or at least modify it to include a
critically needed actual notice exception.

 The Court applied section 89.0041 correctly today, but it was the correct application
of a silly statute. For this reason, I concur.


 __________________________

 GINA M. BENAVIDES,

 Justice



Concurring Memorandum Opinion delivered

and filed this the 31st day of August, 2007.